## IN THE CIRCUIT COURT OF BRADLEY COUNTY, TENNESSEE

MATTHEW CARPENTER and )
CHERYL FOWLER, )
    Plaintiffs, )
  )
  )
v. )
  ) Cause No.: V-23-215
  )
TV DIRECT, LLC; WALMART, INC.; )
and AS SEEN ON TV, INC., )
    Defendants. )

GAYLA H. MILLER
2023 MAR 23 PM 4:10

## COMPLAINT

COME NOW the Plaintiffs, Matthew Carpenter and Cheryl Fowler, by and through their undersigned attorneys, and for Complaint against the Defendants, state as follows:

1.    This action is brought by Plaintiff seeking damages for injuries, property and economic damages suffered on or about March 24, 2022, as a result of defective and dangerous impact massager which was manufactured, marketed, distributed and/or sold by the Defendants TV Direct, LLC; Walmart, Inc.; and As Seen On TV, Inc.

## PARTIES

2.    Plaintiffs, Matthew Carpenter and Cheryl Fowler, are citizens and residents of Bradley County, Tennessee.

3.    Defendant TV Direct, LLC (hereinafter "TV Direct"), is a New York limited liability company with its principal office located at 385 Fifth Avenue, Suite 809, New York, NY, 10016 and has agreed to accept service via its Tennessee counsel, Louise Aponte of Lowe, Yeager & Brown, 900 S. Gay Street, Suite 2102, Knoxville, TN 37902. TV Direct manufactured, distributed, marketed and tested the product or was responsible for overseeing any entity which may have done the same prior to its introduction into the stream of commerce for sale to the ultimate consumer in Bradley County, Tennessee via its codefendant Walmart, Inc.

4.    Defendant Walmart, Inc. (hereinafter "Walmart") is a Delaware corporation doing business in the State of Tennessee and may be served with process through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, TN 37919.

EXHIBIT

tabbies

B

5.     Defendant As Seen On TV, Inc., is the company which specifically markets the defective product to, among others, the ultimate consumer in Bradley County, Tennessee via its codefendant Walmart, Inc. Defendant is a Florida corporation doing business in the State of Tennessee and may be served with process through its registered agent, Robert Greenstone, at 22851 Harrow Wood Ct, Boca Raton, FL 33433.

## JURISDICTION AND VENUE

6.     The Circuit Court of Bradley County, Tennessee has personal jurisdiction over claims for unliquidated damages and specifically claims arising as a result of personal injuries occurring in Bradley County pursuant to T.C.A. §20-2-214 (2) and (5).

7.     Venue is proper as Plaintiff's injuries arise from events that occurred in Bradley County, Tennessee on or about March 24, 2022.

8.     At the time of the occurrence which is the basis for this lawsuit and for some time prior, Defendants marketed, sold, warranted, contracted the sale of Hy-Impact Cordless Muscle Massager, (Serial No: K320/21, Batch Code: 0122) (hereinafter "Hy-Impact" or "massager" or "product") and has derived substantial revenues from the sales and/or supervision of such products. Defendants regularly transacted business in the State of Tennessee and entered into contracts which were performed and connected within this State. Defendants marketed, promoted, and sold the Hy-Impact throughout the United States, and sold the subject product to Walmart for use in Bradley County, Tennessee.

9.     The liability of Defendants arises as a result of acts which occurred in Bradley County, Tennessee including inflicting property damage and personal injury upon Plaintiffs. Thus, jurisdiction and venue properly lie in Bradley County, Tennessee.

## GENERAL ALLEGATIONS

10.     Defendants Direct TV, LLC and As Seen On TV, Inc. designed, manufactured and tested the defective Hy-Impact muscle massager. Defendant Walmart, Inc. offered the product for sale at their Cleveland, Tennessee location, where Plaintiffs purchased it on or about December 12, 2021.

11.     Plaintiffs purchased the product and took it home to their residence in Bradley County, Tennessee. The product was used for personal use between Matthew Carpenter and his mother Cheryl Fowler. As appropriate, the product was charged using the charger that was included in the packaging.

12.     On March 24, 2022, the product was plugged into the wall in Mrs. Fowler's bedroom. Matthew Carpenter was in the adjacent room playing video games with his girlfriend when he heard a banging or clicking noise coming from his mother's room. He entered the room and determined the noise was coming from the general location of the product. As he reached to pick it up, it immediately exploded causing significant smoke, debris, and heat/fire to be thrown about his person and the room.

13.     As a result, Matthew Carpenter suffered serious burns and smoke inhalation, causing acute respiratory failure, and damage to his eyes and vision. He was intubated and airlifted to Wellstar Cobb Hospital, where he was diagnosed with an inhalation injury, corneal abrasions, and skin burns. This injury left Plaintiff Matthew Carpenter permanently scarred.

14.     Plaintiff Matthew Carpenter has been caused to pay or become obligated for his necessary medical care and treatment and in the future will become further obligated. Plaintiffs reserve the right to amend this complaint and attach medical bills pursuant to T.C.A. §24-5-113.

15.     Plaintiff Cheryl Fowler sustained damage to her home and personal property.

16.     At all times relevant to this action, Defendants knew and/or had reason to know that the product was not safe in that it was designed and manufactured without concern for the safety of the end user; Defendants essentially placed a loaded bomb in the hands of Matthew Carpenter. As a result of the defective design and manufacture, the product can overheat and burst into flame, causing serious physical trauma and injury. Defendants knew or had reason to know of the tendency and the resulting risk of injury as a result of its defective product.

## STRICT PRODUCTS LIABILITY/DEFECTIVE DESIGN
### NEGLIGENCE AND NEGLIGENCE PER SE

17.     Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if set forth at length herein.

18.     The entire system of manufacture, distribution, and presentation to the client was jointly and/or singularly engaged in by the Defendants, their agents and/or employees. It was designed, manufactured and distributed in whole or in part by either and each of the Defendants.

The Defendants promote themselves as experts in the field of production and provision of massage guns to customers throughout the State of Tennessee and more particularly Bradley County, Tennessee. As a direct and proximate result of Defendants' negligence as set forth herein, Plaintiffs have sustained the aforesaid damages.

19. Plaintiffs allege that Defendants were guilty of the following acts of negligence, which singularly and/or combined with other acts of negligence, caused or contributed to the cause of Plaintiff's injuries and damages:

a. the defendants negligently designed, developed, tested, manufactured, assembled, inspected, promoted, advertised, marketed, and distributed said massager;

b. the defendants negligently failed to warn, to instruct, adequately warn or adequately instruct the plaintiff of the dangerous properties and design of said massager and the safe and proper method of use or charging of said product;

c. the defendants negligently disposed of said product and placed it in the channels of trade, when it knew or with reasonable care should have known said product to be in a dangerous and defective condition, and negligently placed said product in the channels of trade in a manner which defendant foresaw or in the exercise of reasonable care ought to have foreseen would carry said product into contact with persons such as plaintiff who were ignorant of its dangers and defective nature and condition; and

d. defendant negligently failed to use reasonable care to prevent injury to such persons, including this plaintiff.

20. The Defendants committed other acts and omissions which render them liable including, but not limited to:

a. The defendants breached warranties in connection with the design, development, marketing and sale of its product;

b. Defendants breached warranties by marketing a product which was defective in that it contained inadequate warnings;

c.  Defendants breached warranties by marketing a product which posed a severe hazard to users;

d.  Defendants breached the expressed warranties as provided in T.C.A. § 47-2-313 in that they made expressed representation of the quality of product which they were marketing;

e.  Defendants breached the implied warranty of merchant ability as provided in T.C.A. § 47-2-314; and

f.  Defendants breached the implied warranty of fitness for purpose as provided in T.C.A. §47-2-315.

21.  The Defendants could reasonably be expected to foresee, and be responsible for, injuries to persons who were injured as a result of the manufacturing defect in the battery, wiring, mechanics or operation.

22.  Defendants failed to perform adequate testing on the product prior to marketing it or properly analyzing or warning Plaintiffs of the danger of the product bursting into flame. Such adequate testing, study or analysis would have shown that the product could overheat, causing serious injury or trauma to which full and proper warnings accurately and fully reflecting such injury should have been given with respect to the use of the product.

23.  As a direct and proximate result of Defendants' failure to warn of the potentially dangerous and defective condition of the product, Plaintiffs have been damaged.

24.  Defendants' conduct was done with conscious disregard for the safety of Plaintiffs and the general public.

25.  Defendants owed Plaintiffs a duty to warn of any dangerous defects of its product and a duty to assure its product was safe and did not cause users unreasonable and dangerous risks of bodily injury or harm.

26.  As a direct and proximate result of Defendants' negligence and breaches of its duty of reasonable care, Plaintiffs have been damaged.

27.  At all times relevant to this action, there was in effect the *Tennessee Consumer Protection Act, T.C.A. §47-18-101, et seq.,* hereinafter referred to as *Tennessee Consumer Protection Act.*

28.  The Plaintiffs plead the doctrine of *Res Ipsa Loquitur,* and under said doctrine alleges that the Defendants are liable and responsible to Plaintiffs for all damages suffered by them

as a result of the defective product as herein described.

PRAYER FOR RELIEF

WHEREFORE, based upon the aforestated individual counts and the Complaint as a whole, the Plaintiffs pray as follows:

(1)     The Plaintiffs, Matthew Carpenter and Cheryl Fowler, be awarded a fair, reasonable and appropriate judgment against Defendants for their injuries and damages, both past and present, in an amount not to exceed $1,000,000.00.

(2)     The Plaintiffs be awarded all costs allowed by law, and specifically be awarded all pre-judgment and post-judgment interest allowed by law; and

(3)     The Plaintiffs have such other and further relief as this Court deems just and proper. Plaintiff demands a jury to try the issues when joined.

MATTHEW CARPENTER_____
Plaintiff by Attorney

CHERYL FOWLER_____
Plaintiff by Attorney

LOGAN - THOMPSON P.C., by

MATTHEW G. COLEMAN (BPR# 027748)
JAMES F. LOGAN, JR. (BPR#000758)
Attorney for Plaintiffs
30 2nd Street NW
P. O. Box 191
Cleveland, TN 37364-0191
423-476-2251

# COST BOND

We, the undersigned Principal and Surety, acknowledge ourselves as security for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

MATTHEW CARPENTER
Plaintiff by Attorney

CHERYL FOWLER
Plaintiff by Attorney

LOGAN-THOMPSON, P.C.